**In re ORTHOPEDIC BONE SCREW PRODUCT LIABILITY LITIGATION,**

**J.T. Bradley and Kathy W. Bradley, Appellants in No. 00–3899,**

**Regina M. Luellen and Eurston Luellen, Sr., Appellants in No. 00–3900,**

**Randal Jon Uribe, Appellant in No. 00–3901,**

**Mitchell H. Walker and Kim S. Walker, Appellants in No. 00–3902,**

**Jose Morfin, Appellant in No. 00–3903,**

Mary K. Mullen Schmelter and Kurt Allen Schmelter, Appellants in No. 00–3904,

Rita Jan McGill and Gary McGill, Appellants in No. 00–3905,

Louis H. McDowell, Jr. and Patricia McDowell, Appellants in No. 00–3906,

Edward Briscoe, Gloria Briscoe, Dale Lewis Tamborella and Angela Tamborella, Appellants in No. 00–3907,

James E. Doiron and Katherine Doiron, Appellants in No. 00–3908,

Jeannette Wade and Edwin Wade, Appellants in No. 00–3909,

Leila Hartwell, William J. Hartwell, Jennifer J. Still and Robert Still, Appellants in No. 00–3910,

Fitz A. Reid, Etta A. Reid, Lillie Aycock, David Lindsey Brook and Mary Jane Brook, Appellants in No. 00–3911,

Gary L. Drake, David Louviere and Laura M. Louviere, Appellants in No. 00–3912,

Andrew Jackson Key and Linda C. Key, Appellants in No. 00–3913,

Paul David Schneider and Linda Gale Schneider, Appellants in No. 00–3914,

Esperanza Prida and Jorge Prida, Appellants in No. 00–3915,

Reyes Basilio and Consolacion Basilio, Appellants in No. 00–3916,

Ruth Rogoff, Appellant in No. 00–3917,

Juan Perez and Maria I. Perez, Appellants in No. 00–3918,

Brian McPherson and Kim McPherson, Appellants in No. 00–3919,

Audrey Collins, Appellant in No. 00–3920,

Jessie H. Elliott, Jr., Appellant in No. 00–3921,

Arvie Jernigan, Appellant in No. 00–3922,

Lafiro Max Benavides and Irene Benavides, Appellants in No. 00–3925,

John Workman, Appellant in No. 00–3926,

Thomas Craig McGowan and Lori L. McGowan, Appellants in No. 00–3927,

Max E. Dick, Sr., Appellant in No. 00–3928,

Rhonda Renee P. Lawrence and William J. Lawrence, Appellants in No. 00–3929,

Raymond C. Cummings and Barbara Ann Cummings, Appellants in No. 00–3930,

Larry Dale Spooner and Terri Spooner, Appellants in No. 00–3931,

William P. Arinder, Betty Arinder, Newman Hearn and Deena Reese, Appellants in No. 00–3932,

Randy W. McKenzie and Kimberly Sue McKenzie, Appellants in No. 00–3933,

Karen A. Dunn and Robert T. Dunn, Appellants in No. 00–3934,

Bruce Austin and Frances Austin, Appellants in No. 00–3935,

Joan Barton and Joseph Barton, Appellants in No. 00–3936,

Joseph Collura and Josephine Collura, Appellants in No. 00–3937,

Helene Phyllis Cohen, Appellant in No. 00–3938,

Joanne Conley Brown, Appellant in No. 00–3939,

Connie Ray Baxley, Jr., Angie Baxley, Dick Habour, Brenda Sue Harbour, Terry Glen Johnson, Sr., Gerald Dewayne Jones and Sherry Lynn Jones, Appellants in No. 00–3940,

Jonathan Bruce Holley, Elise Holley, Jerry Frank Wetz and Alice Wetz, Appellants in No. 00–3941,

Leverne Anthony, Individually, and as Administrator of the Estate of Joseph Douglas Anthony, Sr., Appellant in No. 00–3942,

Fred B. Basham and Claudia F. Basham, Appellants in No. 00–3943,

Stanley P. Eagle, Sr. and Ladonna M. Eagle, Appellants in No. 00–3944,

Charles E. Porter, Sr., Carol Jourdan Porter, Raymond Richard and Goldie P. Richard, Appellants in No. 00–3945,

Randall L. Metzler, Appellant in No. 00–3946,

Lawrence Damion Hickey, Appellant in No. 00–3947,

Patricia A. Orlick and Robert Orlick, Appellants in No. 00–3948,

Kathy Stockdale and George Stockdale, Appellants in No. 00–3949,

Phillip W. Worrell and Janice Ann Worrell, Appellants in No. 00–3950,

John H. O'Connell and Patricia O'Connell, Appellants in No. 00–3951,

Clifford Burt and Barbara Sue Burt, Appellants in No. 00–3952,

Chester Allen Morris and Yolan Sybil Morris, Appellants in No. 00–3953,

Salvatore Cali and Genie Cali, Appellants in No. 00–3954,

Dean W. Devine and Theresa Devine, Appellants in No. 00–3955,

Jason Leigh, Appellant in No. 00–3956,

Shirley Baker, Appellant in No. 00–3957,

Richard Cullen, Appellant in No. 00–3958,

Aline Frances Sears, Albert James Sears, III, John L. Davis and Louise E. Davis, Appellants in No. 00–3959,

Mary Alma Valdez and Alexander Valdez, Appellants in No. 00–3960,

Anthony Wilbur Kyle and Dixie K. Kyle, Appellants in No. 00–3961,

Edward Allen, Roxana Paulette Allen, Denise K. Walker, Allen K. Walker, Annette E. Freeman, Patsy Ruth Elrod Bell and John Richard Bell, Jr., Appellants in No. 00–3962,

Hettie Rovenia Crescini, Benjamin J. Crescini, Sr., James Fussell, Sherry E. Fussell, Dale C. Hutchinson, Dollinda Hutchinson, James Paul, Martha Lou Smith Paul, Bobby Ray Smith, Alvy J. Smith and Martin Carroll, Appellants in No. 00–3963,

Dorris E. Harrell and Margie L. Harrell, Appellants in No. 00–3964,

Wesley F. Stokes and Linda Gail Stokes, Appellants in No. 00–3965,

Derrill B. Manley and Cindy Manley, Appellants in No. 00–3966,

Aubrey J. Ledger, Appellant in No. 00–3967,

Edward G. Herrera, Individually and as Administrator of the Estate of Rosie A. Herrera, Appellant in No. 00–3968,

William Daniel Stone, Appellant in No. 00–3969,

Jerry Whitaker and Patricia G. Whitaker, Appellants in No. 00–3970,

Rita Gariby and Jesse Rubio Gariby, Appellants in No. 00–3971,

Patricia Armijo, Appellant in No. 00–3972,

Vera L. Berrington and William J. Berrington, Appellants in No. 00–3973,·

Terri H. Gibbs, Arlene F. Parker and William Parker, Appellants in No. 00–3974,

Allen J. Montecino, Jr. and Virginia Montecino, Appellants in No. 00–3975,

Gloria Huntman, Appellant in No. 00–3976,

John M. Russo and Karen Russo, Appellants in No. 00–3977,

Charles Thomas Wahlquist and Tina Rachelle Wahlquist, Appellants in No. 00–3982,

Sammy Melissa Case and Ronnie Case, Appellants in No. 00–3983,

Robert Brozewicz and Denise Brozewicz, Appellants in No. 00–3984,

Charles Parrott, Allan R. Whitlow, Dorothy Merle Manberg and Charles Manberg, Appellants in No. 00–3986,

Danny L. Harris, Sr. and Cathie B. Harris, Appellants in No. 00–3987,

Earl Hicks and Debra Hicks, Appellants in No. 00–3988,

Amy Foote Weaselbear, Individually and as Administrator of the Estate of Archie A. Weaselbear, Appellant in No. 00–3990,

Laurie L. Coogler, Dennis K. Coogler, Pamela A. Underferth, Thomas M. Underferth, Billie A.M. King, Cecil C. King, James Roger Smith and Vermell M. Smith, Appellants in No. 00–3991,

Steve L. Thompson, Appellant in No. 00–3992,

Eulalio "Bobby" Adami, Coy R. Griffin, Sr. and Wilma Griffin, Appellants in No. 00–3993,

Ronald Gene Penny and Teresa R. Penny, Appellants in No. 00–3994,

Shirley A. Plott, Appellant
in No. 00–3995,

Joan McGhee, Appellant
in No. 00–3996,

Melvin G. Burks, Appellant
in No. 00–3997,

Michael Seman, Appellant
in No. 00–3998,

Ginger Bentley and Henry L. Bentley,
Appellants in No. 00–3999,

Katherine Celia, Appellant
in No. 00–4000,

Connie Amelia Corley, Appellant
in No. 00–4001,

Lonnie Lowe, Appellant in No. 00–4002,

Robert J. Berglund, Leslie Ann Berglund, Bruce D. Bultman, Carol Ching Bultman, Gary L. Ewing, Janet Walker Ewing, Timothy Scott Rushing and Joan Mary Rushing, Appellants in No. 00–4003,

Nancy G. Brown and Ronald E. Brown,
Appellants in No. 00–4004,

Candace L. Mathes and Stanley
M. Mathes, III, Appellants
in No. 00–4005,

Kathleen Burke and Earl Burke,
Appellants in No. 00–4006,

Clifford R. Swain and Savana
G. Swain, Appellants in
No. 00–4007,

James C. Smith and Beverly D. Smith,
Appellants in No. 00–4008,

Alex A. Driggers and Margie Ann
Driggers, Appellants in No.
00–4009,

Isidora Fuselier, Albert J. Fuselier, Michael Lee Andrus and Mark A. Bullard, Appellants in No. 00–4010,

Harry Alan Bowser and Ronda
L. Bowser, Appellants in
No. 00–4011,

Michael D. Holloway, Appellant
in No. 00–4012,

Lillian Marchegianni and John
Marchegianni, Appellants
in No. 00–4013,

Jerry DeWayne Harrison and Mary
M. Harrison, Appellants in No.
00–4014,

M. Mary Coleman, Appellant
in No. 00–4015,

Jessie Flores and Mary I. Frias Flores,
Appellants in No. 00–4016,

Kap Jong Lee and Sung Wan Lee,
Appellants in No. 00–4017,

Richard Fontenot, Peggy Sue Fontenot
and Perry Bang, Appellants in No.
00–4018,

Wallace Wade Prahser and Donna
Prahser, Appellants in No.
00–4019,

James W. Ervin, Jr., Appellant
in No. 00–4021,

Larry Hugh Gibson and Connie Marine
Gibson, Appellants in No. 00–4022,

Leonard Otis Smith and Hazel
M. Smith, Appellants in
No. 00–4023,

J.P. Parker, Appellant in No. 00–4024,

Bruce W. Shepherd and Lorene
B. Shepherd, Appellants in
No. 00–4025,

James Toskes, Appellant
in No. 00–4026,

Priscilla Fontenot, Lester Joseph Fontenot, Lee Anna Scott, Arthur Scott, Jr., John Goodman, Gertrude Goodman, Janice Reed, David Reed, Deidre Guillory, Barbara L. Comeaux and Leander Comeaux, Appellants in No. 00–4027,

Marilyn A. Greiner and Emil D. Greiner, Appellants in No. 00–4028,

Jamie Lee Samuels and Thad J. Samuels, Appellants in No. 00–4029,

Merle L. Jensen, David Bernard Jensen and David Rounkles, Appellants in No. 00–4030,

Melissa Ann Chandler, Appellant in No. 00–4031,

Thomas Levon Jones and Beverly Jones, Appellants in No. 00–4032,

Irene Portillo, Appellant in No. 00–4033,

Theodore N. Helton and Josephine T. Helton, Appellants in No. 00–4034,

Grant Edward Tingstrom, Cathy J. Carrick, David L. Carrick, Sr., John Shaver and Diana Shaver, Appellants in No. 00–4035,

William D. Sipes and Thelma G. Sipes, Appellants in No. 00–4036,

George Love and Rosemary Love, Appellants in No. 00–4037,

Joseph Anthony Strange, Appellant in No. 00–4038,

Frank L. Bowes and Lollie Bowes, Appellants in No. 00–4039,

Bruce Anthony Davis and Mary Ann Davis, Appellants in No. 00–4040,

Gaty M. Jones and Janice A. Jones, Appellants in No. 00–4041,

Elizabeth Bablitz and August E. Bablitz, Appellants in No. 00–4042,

Caridad Perez, Rogelio Perez, Michael Joseph Smith, Rebecca A. Smith and Maria C.P. Bezara, Appellants in No. 00–4043,

Vall R. Williams and Zolla Williams, Appellants in No. 00–4044,

Kimberly DeRose, Michael J. DeRose, Salvatore Babriele, Jr. and Sandee Gabriele, Appellants in No. 00–4045,

Billy Hines and Brenda Hines, Appellants in No. 00–4046,

Michael Scott Schirmer and Patsy Schirmer, Appellants in No. 00–4047,

Denis Ray Dunlap, Bernadette Dunlap, George R. Wiley, Judy Mize Wiley, Jeffery Lynn Miller and Donna Miller, Appellants in No. 00–4048,

Cynthia Jo Lackey and Joseph Lackey, Appellants in No. 00–4049,

Marsha Stites, Appellant in No. 00–4050,

James Joseph Morway and Kristie Jo Morway, Appellants in No. 00–4051,

Sandy Price and Michael L. Price, Appellants in No. 00–4052,

Robert Shehan and Cleta Shehan, Appellants in No. 00–4053,

Theresa L. Fitzgerald and John Patrick Fitzgerald, Jr., Appellants in No. 00–4054,

William G. Warthen, Appellant in No. 00–4055,

Roy H. Dedman, Nicole Dedman, David P. Abeyta and Lorri S. Abeyta, Appellants in No. 00–4056,

Carroll D. Harris and Sharon Kay Harris, Appellants in No. 00–4057,

Jerry Dale Arnold, Bonnie Sue Arnold and Elizabeth Cullen Ohrum, Appellants in No. 00–4060,

Jackie C. Crenshaw and Rosetta A. Crenshaw, Appellants in No. 00–4061,

Linda Patten Hitchcock and Dennis A. Hitchcock, Appellants in No. 00–4062,

Frans R. Dorris and Dianne Reichenbacher Dorris, Appellants in No. 00–4063,

James Stroderd and Paula Stroderd, Appellants in No. 00–4064,

Kathy Diane Young and Billy Dale Young, Appellants in No. 00–4065,

Gregory H. Hardin, Appellant in No. 00–4066,

Raymond Nolan, Jr., Appellant in No. 00–4067,

Michael Galloway and Pat Galloway, Appellants in No. 00–4068,

Frank L. Dachenhausen and Thelma I.F. Dachenhausen, Appellants in No. 00–4069,

Carmine A. Cilella and Gabriella Cilella, Appellants in No. 00–4070,

Ronald Leroy Lee, Linda Lee Castleberry and H.L. Castleberry, Appellants in No. 00–4071,

David Onger, Appellant in No. 00–4072,

James T. Livingston, Jacqueline A. Livingston, Ronald Wayne Dean, Nanni P. Dean, William E. Boyer, Sr, and Melanie Kay Boyer, Appellants in No. 00–4073,

Kenneth Kulhanek, Appellant in No. 00–4074,

Rosemary K. Barotti, Peter W. Barotti, Kathryn McBratney and Jeff McBratney, Appellants in No. 00–4075,

Billy Holbrook and Sherrie Holbrook, Appellants in No. 00–4076,

Robert Geib and Donna Marie Geib, Appellants in No. 00–4077,

Joyce Ann Robichaud, As Administrator of the Estate of Ray Robichaud, Appellant in No. 00–4078,

Jimmy Shoemaker and Annette Shoemaker, Appellants in No. 00–4079,

Jose Luis Rivera, Concepcion Rivera, Roslyn Del Pradia Wilson and Henry E. Wilson, Sr., Appellants in No. 00–4080,

Bertha A. Salazar Vasquez and Hector G. Vasquez, Appellant in No. 00–4081,

Donald Lynn McKeown and Janice McKeown, Appellants in No. 00–4082,

Pauline Strickland White and Henry Willis White, Appellants in No. 00–4083,

Jerry Dale Lewis and Mary D. Lewis, Appellants in No. 00–4084,

Opal A. Parham, Appellant in No. 00–4085,

Hazel Dueitt Sweatt and Earl Lynn Sweatt, Appellants in No. 00–4086,

Marilyn Fitzgerald, Appellant in No. 00–4087,

Alice McKinnon Clayton, Appellant in No. 00–4088,

Maria De La Cruz and Miguel Angel De La Cruz, Appellants in No. 00–4089,

Barbara Ann Bruzer and Dale Eugene Bruzer, Appellants in No. 00–4090,

Joseph Lee Castle and Sandra Collins Castle, Appellants in No. 00–4091,

Patricia Ann Hill and William A. Hill, Appellants in No. 00–4092,

Annie Ruth Fralick, Appellant in No. 00–4093,

Thomas James Olsen and Gloria M. Olsen, Appellants in No. 00–4094,

Linda Newberry and Dave Newberry, Appellants in No. 00–4095,

Estate/Heirs of Sharon Alderman*, Estate/Heirs of Ralph C. Anderson*, Todd Anselmo, Judith E. Anselmo, Phil Barber, Janice M. Barmore, Julie P. Barrack, Daniel W. Bartelt, Robert E. Bennett, Lois K. Bergsjo, Andrew L. Barry, Rebecca J. Boe, Clairce E. Boggs, Barbara Kay Bremer, Pamela M. Brewster, Morton G. Brill, Lenore Brill, Alonzo Brown, Vicki J. Brusewitz, James Buresh, Betty Butler, John Butler, Arlene V. Carlson, Diane L. Cassidy, Dennis Cassidy, Julie A. Charette, Dale Charette, Brian K. Ciske, Denise Cook, Muriel A. Crowley, Lillie M. Dabney, Timothy J. Dickau, James Douglas, Cheryl M. Douglas, Leona S. Ehnert, Majorie A. Etzel, Daniel M. Etzel, Cary M. Femrite, Robert L. Fields, Elizabeth A. Fischman, Donald J. Flower, Scott Fullex, Dennis J. Gallagher, Michael A. George, Calvin W. Gilbo, Sr., Donna C. Green, Sharon L. Griffin, Eloy Guzman, Sr.*, Roberta E. Hammerlind, Patricia L. Heidelberger, Raymond C. Hermanson, Gail Hermanson, Mark W. Herrman, Cynthia Herrman, Judith I. Hughes, Reginald F. Hughley, Todd W. Illies, Michael W. Iverson, Gayle E. Johnson, Dale Johnson, Janice M. Johnson, Daniel Johnson, Peter H. Johnson, Peggy Johnson, Cindy Osborne Keim, Barbara A. Kern, Karen M. Klein, Katherine E. Koehler, Barbara J. Kunshier, Robert B. Kwasigroch, Estate/Heirs of Robert A. Laessig*, Estate/Heirs of Frances Laessig*, David G. Lewandowski, Donnie K. Lilly, Donald J. Lisk, Patricia A. Lilly, Nancy L. Lisk, Craig W. Locher, Jodi Locher, Patricia J. Mandli, Michael M. Martinson, Anthony Martorana, Jean J. Martorana, Lorraine B. Mathis, Ethel McClain, Michael R. McConnell, Donald R. McRae, Jacqueline E. McRae, Virginia A. McVicker, William McVicker, Wendell D. Meeker, Marjorie L. Melinski, Shirley A. Moen, Marcy Myers, Jean

A. Ness, James Ness, Jack C. Nicholson, Kathleen L. Nicholson, Cheryl M. Novotny, Richard A. Novotny, Larry J. Novotny, Claudette M. Novotny, Dennis W. Olson, Margery Olson, Ronald W. Olson, Randy R. Otto, Joan A. Pasowicz, Joseph Pasowicz, Stephen E. Paxton, Lisa M. Lugo–Paxton, Frederick L. Peck, Tina J. Peck, Estate/Heirs of George J. Pesek*, Estate/Heirs of Katherine H. Pesek*, Estate/Heirs of Eugene S. Prantner*, William Peters, Lucille L. Peterson, Suzanne R. Petrusic, Walter Petrusic, Robert J. Plaksy*, Sharon Plaksy*, Ratsy Rathke, Arlene E. Reed, Ronald Reed, Rick Reizer, Jeffrey Richie, Debra A. Richie, Ricky K. Romaine, Lloyd Rose, Larry S. Rudolph, Lee R. Rysdam, Marija Rysdam, Richard H. Salverda, Rosemary Schibley, Phillip E. Schmidt, Margaret A. Schmidt, Jeanne E. Skarda, Raymond T. Sobotta, Lee A. Solomon, Michael J. Spartz, Glee H. Spartz, Steven G. Starker, Edward J. Tentis, Gerard A. Theis, George E. Toth, Barbara Toth, Victor Towler, Barbara J. Venne, Mary Weinstein*, Milo D. White, Stefanja Z. Wojtczak, Jay H. Wyttehove and John W. Zink, Sr., Appellants in No. 00–4098, (*Caption amended per Court's Order dated 8/27/01),

James D. Bitzer, Charity A. Bitzer, James A. Mortensen, Dennis Raymond, Marlene Raymond and Mary L. Yeager, Appellants in No. 00–4099,

Douglas J. Callaway, Dana Callaway, Ronald R. Sivak, Ann M. Weiler and Norbert Weiler, Appellants in No. 00–4100,

Richard E. Almquist, Patricia E. Almquist, Kathie L. Avery*, Charles W. Avery, Gerald T. Baron, Margaret L. Bennett, Geneva G. Bissonette, William D. Bolton, Jr., Joan Bolton, Jeanne A. Borkowicz, Ronald J. Borkowicz, Mark A. Chapman, Arthur L. Cotter, Barbara A. Cotter, Lynda M. Dahl Kocurek, Silviu Dan*, Estate/Heirs of James Domaszek*, George I. Florek, Jeanne Florek, Debra G. Fox, Joseph Fox, Herman Haayer, Jr., Pamela Haayer, Darlene D. Halder, Robert A. Hayes, Leah J. Henkel, Donald E. Hereau, Dorothy J. Hereau, Steve C. Hesse*, Nancy Hesse*, Estate/Heirs of Judy Jolly*, Wayne Jolly*, Michael J. Kaiser, Jody A. Lagergren, Todd Lagergren, Lois J. Lenzo, Gale R. Mattison, Ruby R. Pabelick, Michael D. Platts, Kathy Platts, Richard A. Pynenberg, Donna Rau, Glenn Rau, Judith G. Richart, Robert Richart, Jeffrey Richie, Debra A. Richie, Robert L. Schmalfeldt, Lori J. Schmalfeldt, Lonnie C. Shelley, Sharon Shelley, Sharon L. Swanson, Joan M. Valenty, Mary L. Yeager and Charles A. Zinn, Appellants in No. 00–4101, (*Caption amended per Court's Order dated 8/27/01),

Michael K. Bentley, Marlene E. Bergeron, Joyce A. Bushrod, Robert R. Burns, Hanna Cahsai, Gail R. Copeland, Faye R. Copeland, Denise Cook, Lillie M. Dabney, Becky L. Dykes, Jerome T. Engel, Robert L. Fields, Mark D. Frakes, Gina Frakes, George C. Gonzalez, Brenda Gonzalez, William A. Green, Martha J. Green, Lois A. Hartwig, David L. Hartwig, Charles W. Hughes, Deane M. Hughes, Robert J. Johnson, Joan Johnson, Eileen E. Kaiser, Cindy Osborne Keim, Allen Kline, Jeffrey A. Koch, Laura J. Kollmer, Chris J. Kollmer, Michael A. Lachapelle, Donald J. Lisk, Nancy L. Lisk, Mitchell Pezanoski, Mary Pezanoski, Kenneth E. Retkowski, Gayle

Retkowski, Joseph P. Schoenborn, Dawn J. Shelton, Darryl C. Shelton, Michael J. Spartz, Glee H. Spartz, Steven G. Starker, Danette T. Tellijohn, Richard A. Theisen, Michael Thompson, Victor Towler, Timothy P. Tucker, Mary Weinstein*, Theresa Bichler Wichman and Mark J. Wietzke, Appellants in No. 00–4102, (*Caption amended per Court's Order dated 8/27/01),

Holly Bair*, Walter Austin, Hubert W. Bellisle, Mary J. Bellisle, Andrew L. Berry, Marlene M. Biggins, Thomas Biggins, James J. Breen*, Thelma Breen*, Estate/Heirs of Robert J. Brown*, Vivian Brown, Karen R. Callahan, Cathleen A. Crandall, Albert A. DiCruttalo, III, John Doherty, Robert C. Duisen, Jr., Carla J. Ford, Dana W. Frank, Joann C. Frank, John C. Frank, Gail R. Frank, Estella Gamez, Linda S. Gipson, Donald F. Goold, Joan M. Goold, Mitchell E. Grav, Carolyn M. Hendley, Theron Hendley, Timothy Hill, Patricia F. Kearns, Dorothy M. Kinn, Florence I. (Wong) Lakin, Valerie E. Lennon, Jack W. McGillivray, Beatrice McGillivray, Kurt R. Meintsma, Brenda L. Moorer, Tillman E. Olson*, Victoria M. Olson, Ruth H. Perkel, Malcolm Perry, Monica Perry, Jack Robinson, Gregory Rubbo, George N. Ruzynski, June Ruzynski, Anna M. Scully, Lee A. Scully, Scott Silva, Michael J. Spartz, Glee H. Spartz, Steven Staudt, Tracy Staudt, Allen R. Terry, A. Thorne, Sandy Thorne, Victoria L. Valente, Ralph Abagian, Judy M. Walker, Estate/Heirs of Gerald F. Wehler*, Marjorie Wehler, Frank J. Williams and Angie Williams, Appellants in No. 00–4103, (*Caption amended per Court's Order dated 8/27/01),

Christine M. Anderson, Oscar Bernal, Gail R. Copeland, Faye R. Copeland, Steve Ferguson, Cindy Osborne Keim, Robert LaBlanc, Melvin Martin, Brooke Meyers, Riley L. Norris, Joyce Norris, Daniel P. Monson, Janet Smith, Bob Smith, William J. Vlasek, Doris Vlasek, William Walkenbach, Paul B. Wall, Sandra Weaver and Judy M. Walker, Appellants in No. 00–4104,

James D. Ash, Cynthia Ash, Estate/Heirs of Sharon Alderman*, James R. Ashley, Mary A. Aune, Holly Bair*, Edward Barnes, Donald L. Beckman, Debra S. Beckman, Emma L. Bennike, Robert E. Bennett, Nancy L. Brett, Gregory Brett, Joyce A. Bushrod, Karen R. Callahan, Traci W. Chapman, Gail A. Christian, Dorsey W. Cole, Carla J. Colombo, Belinda M. Cook, Scott M. Daniels, Robert C. Degeest, Thomas K. Dillon, Jeanne M. Garchek, Cecil P. Gibby, Betty Gibby, Carolyn Gibson, Raymond A. Golden, Estate/Heirs of Essie L. Goldsmith*, William A. Green, Martha J. Green, Bobby Harrison, Everett E. Hendrickson, Pat Hendrickson, Joan C. Hochbrunn, Thomas Hochbrunn, Bertha E. Hokkanen, John Hokkanen, Julie A. Hunt, Renee M. Janusz, Mary L. Johnson, Alan K. Johnson, Thomas W. Keene, Rosalie G. Keene, Nancy J. Kellam, James Kellam, Paul W. Kelly, Gerald J. Kernan, Jeffrey A. Koch, Benjamin F. Korfe, John A. Kraus, Jr., Karen J. Lyons, Donald Lyons, Jr., Estate/Heirs of Mae V. Martin*, Calvin Martin, Melvin Martin, Gary P. McFarland, Jody McFarland, Alan R. McGee, Virginia A. McVicker, William McVicker, Robert Mertens, Brooke Meyers, Catherine J. Muha, Harold Mulcare, Randy A. Murray, Tracy Murray, Maxine T. Narog, Steve

R. Newman, Linda Newman, Randy R. Otto, Freddie L. Owens, Paulina Pappas, John R. Pappas, Kay Parr, James H. Parsons, Janet S. Parsons, Estate/Heirs of Norman Persten*, Richard J. Pietrzak, Karla Pietrzak, Frances H. Popham, Ronald Richards, Wayne W. Richards, Debra Richards, Kathleen Richardson, Luis Rivera, Roland C. Roberts, Patricia Roberts, Rose M. Robinson, James F. Robinson, Michael S. Ryan, John C. Salas, Howard D. Sams, Marion A. Sams, David R. Scalise, Clarence I. Seaburg, Joseph A. Sherry, William J. Skobjak, Annette Skobjak, Beulah E. Skoog, Lee A. Solomon, David J. Stanoch, Denise A. Stanoch, Marlette C. Steinke, Kathryn L. Stout, Denzil L. Stout, Michael D. Supple, Mary B. Supple, Danette T. Tellijohn, Gerrye W. Tippens, Jerry Tippens, Albert E. Topolski, Brian Vaughn, Tom E. Wadsworth, Estate/Heirs of Gerald F. Wehler*, Marjorie Wehler and Roberta Zimmerman, Appellants in No. 00–4105, (*Caption amended per Court's Order dated 8/27/01),

Donald Lombard, William C. McPhail and Estate/Heirs of Charles D. Reynolds*, Appellants in No. 00–4106, (*Caption amended per Court's Order dated 8/27/01),

Joanne Benton, Michael Sita, Beverly Sita, Gregory Osburn, Joy Osburn, Kelly D. Cowan, James Smith, Judy Smith, John Horton, Sandra Horton, Geraldo Feregrino, Laura Feregrino, Phillis Driver, Julian Whitten, Debra Whitten, Deva Buttram, Edward Buttram, Henry J. Klein, Patricia LaBree, Amos Jenkins, Linda Jenkins, James H. Reske, Sr., Ned Johnson, Maxine Johnson, Paula Watkins, Eyssel Gurganus, Henry Gurganus, Victoria B. Jones, Kirby Tharrington, Betty M.

Brantley, Phyllis Perry, Claude Perry, Mary Thatch, John Thatch, Leotha Forte, Phyllis Forte, Emily Ennis, Lilyn D. Taux, Dilcy L. Hall, Carlton Parris, Joseph Amos, Christopher Poole, Missouri Garner, Victor Garner and Cynthia Esposito, Appellants in No. 00–4107,

Donna Marie Beauchemin, Aaron Wayne Calk, Debra Calk, Vincent Foster Cochran, Peggy Joyce Cochran, Mary N. Hix, John M. Hix, Nicholas Host, Debra Ann Host, David S. Lambert, Donnalyn Acosta, Robert E. Lee, Kathi Lewis, Shirley Lewis, Roger W. Lovell, Brenda Kay Graves Lovell, Gilbert Martinez, Jr., Maria Martinez, Ralph M. Nielsen, Marie J. Nielsen, David Perry, Brian Quinn, Cheryl Ann Smith, Donald Smith, David L. Spottek, James Swisher, Richard Lynn Thornton, Paul Williams, Barbara Jean Wilson, B.E. Wilson, Catherine A. Wright, Michael A. Bloomfield, Leslie J. Bloomfield, Kathleen Burke and Earl Burke, Appellants in 00–4108,

Sherry Adams, Daniel Ray Adams, Betty C. Alisouskas, Vincent F. Alisouskas, Dwayne Junior Allen, Doylene Todd Allen, Richard Lee Allen, John D. Austin, Tami Austin, Robert Lee Baker, Cecil W. Barnett, Glenda Mae Harper Barnett, Vivian K. Basham, Arice M. Basham, Lucy Frances Bauman, Thomas Richard Bauman, Sr., Michael Belliveau, Lisa Belliveau, David Benavidez, Teresa Garcia Benavidez, Betty Jean Bennett, Betty Joanne Benning, Anthony P. Bertrand, Evelyn Sue Bertrand, James Charles Besch, Bernice Ann Lay Besch, Deborah Best, Joseph C. Best, Ronald Coburn Billings, Tina Marie Billings, Patricia Ann Blackledge, Buddy W.

Blackledge, Sr., John William Blasko, Daniel L. Blemke, Beulah A. Boatsman, Stanley Dale Boogs, Linda Carolyn Latham Boggs, Lynn H. Boles, Juanita Frogge Boles, Aulpheda Bonner, Jimmy T. Bonner, Melton Jack Book, Charlotte Book, Dennis P. Borghesi, Gayle Borghesi, Dorothy H. Bower, Marvin Lee Bower, Lora A. Bower, Bonnie F.S. Brinegar, Rocio Mier Brodd, Wayne M. Brodd, Agnes Jean Brothers, William L. Brothers, Marvin J. Brouillette, Sr., Mary Lois Brouillette, Edgar Steve Brown, Tina R. Miers Brown, Lynn Jimette Brown, Michael Lynn Brown, Leonard Bushnell, Katherine Bushnell, Larry G. Carlson, Pamela G. Carlson, Luis H.G. Casanas, Arvie L. Causey, Doyle E. Chamblee, Hilda M. Chamblee, James H. Chambless, Richard D. Chandler, Stephanie W. Chandler, Vyron Breen Cherry, Dana Delores Marvin Cherry, James L. Christina, Susan Y. Christina, Ethel Coffman, Dennis D. Compton, Jerri Sue Compton, Harry C. Conner, Sr., Melina J. Conner, Randall C. Corbello, Rita M. Corbello, James Cottrell, Lois Couvillion, Estine Covillion, Peter L. Covert, Susan K. Covert, Rodger K. Cox, Edith Mills Cox, Jack Craycraft, Phyllis Craycraft, Timothy Cunningham, Jennifer Cunningham, Richard Daniel, Debra J. Daniel, Mark Dixon DeHaven, Robin Lynn DeHaven, Lou Ella DeVille, Ty Dwayne Dick, Audrey Ann Dick, Sally M.A. Dickinson, Richard Dickinson, James Doherty, Shirley L. Dollarhide, Gerald J. Dollarhide, Marion Domer, Valerie Domer, Janice Miller Dowdy, William E. Dowdy, Richard Drumheller, Patricia Ann Crane Dulny, Roberta N. Dunn, Eugene D. Dunn, Jr., Lisa Hoens Guest DuPont Aguillard, Joseph M. DuPont, Russell G. Einolander, Phyllis Lynne Elliott, Randall C. Elliott, Roger Keith Emrick, Penny Jae Emrick, Judy Evans, Howard L. Evans, Fred Preston Cone Evatt, Sr., Trubee Laverne Evatt, Edith G. Fewell, John Thomas Fewell, Robert J. Firek, Kathleen Mary Firek, Mary Frances Flory, Theresa M. Foltz, Louis Foltz, George M. Fontenot, Juanita C. Fontenot, Wilbert Fontenot, Reata Fontenot, Selby Clyde Ford, Dorothy C. Ford, Cynthia A.O. Foxworth, Debbie Fredette, Ernest A. Freeman, Ellen R. Fretty, Earl J. Fruge', Susan Fruge', Mark D. Fuller, Rosalva Fuller, George E. Garcia, Sally A. Garcia, Maxine Joan Gardetto, David T. Gardner, Leo Gardner, Jr., Beverly Sue Gardner, Gertrude Gautreaux, Kimberlee Gavosto, Darrin Gavosto, Murry C. Gear, Claretta I. Getts Gear, Greg Gillum, Jr., Ruth A. Gillum, Marietta L. Gjertsen, Brian Todd Glowka, Kristi L. Glowka, Patricia Grant, Forrest Griffin, Judith A. Potthast Griffin, Eva Grimes, Jerry Grimes, John S. Hallmark, Sr., Wanda J. Michaels Hallmaker, Mark E. Hanson, Brenda Hanson, David Earl Hardy, Gloria D. Brooks Hardy, Louis Edward Hatsfelt, Sr., William Hayes, Linda E. Hayes, Patricia Henderson, Frank L. Herron, Cassandra Herron, Marie Black Hinson, Robert Steven Hinson, Nelson Hoffpauir, Rose Marie Holder, Timothy L. Hurd, Brenda Hurd, Lanny Jackson, Dora Ann Jackson, Joseph J. Jarmasek, Sr., Barbara Jarmasek, Walter Jeane, Mary H. Jeane, Carol Elaine Jewitt, Michael H.A. Jewitt, Edward Grant Johnson, Hazel Ross Johnson, L.C. Johnson, Dixie Brannon Johnson, Edna Lee Jones, Merleyn C. Jones, Victor L. Jones, Sharon Jones, Earl Jordy, Jr., Anita Jordy, Robert Kaminski, Linda Kaminski, Richard D. Kidd, Marlene Kidd, Thomas V. Kilgore, Penny Kil-

gore–Thomas, Barbara L. King, Deryl D. King, Victor Clyde Knapp, Jr., Deborah Kay Knapp, George Alvin Knight, Linda Sue Knight, Mary Kroupa–Casey, Kevin P. Casey, Andrew D. Kubiczki, Mary Kubiczki, Joanne L. Kuci, Feta Hysen Kuci, James A. Kuhns, Clay Carlton Kutscher, Helen Lamontagne–Eddy, Leona Lapradd, Ronald D. Larabee, Peggy Larson, Everett Larson, Patsy A. Lehmann, Paul Alton Livingston, Darrell W. Logan, Rebecca Logan, Sylvia G. Loucks, John Foster Loy, James E. Malenfant, Suzanne M. Malenfant, Zetty Malone, John F. Manley, Carlene E. Mansfield, Richard Marble, Inda Marble, Gary M. Marks, Clara D. Marrs, Gordon Ray Marrs, Debra K. Martin, Lyle E. Martin, Sandra Mason, Floyd Mason, Jacqueline B. Mauldin, Arthur Lewis Mauldin, William Lee McDuell, Birdie J. McDuell, Kevin L. McGaw, Becky Anderson, Arthur James McHugh, Mary Ann McHugh, Tony McKnight, Alex Mercado, Joann Mercado, Rachel Miller, Anthony Miranda, James Felton Mitcham, Lynn Mitcham, Evelyn Marie Mitchon, Kenneth H. Moore, Linda A. Moore, Ronnie Moore, Marva Moore, Myra Helen Moreau, J.R. Moreau, Kathleen H. Morris, Richard Morris, Donald Bruce Mountjoy, Kathleen Connor, Paul Mouton, Patricia M. Mouton, Katheryn D. Mueller, Allan G. Mueller, James Murphy, Beverly Blassingane Murphy, Robert E. Murphy, Bonnie Murphy, Kimberly Naglich, Mark T. Naglich, Steve A. Nave, Katherine L. Nave, Jerry W. Newman, Mary Newman, Max H. Nix, Marilyn Joyce Nix, Brigitte H. Noorlander, John A. Noorlander, George E. O'Bryant, Alice Lightly O'Bryant, Richard S. Parker, Sylvia Inez Parker, Bobby Pelfrey, Stanley Perlstein, Gerald W. Pettifield, Ronald Plesz, Velda B. Plesz, Carolyn Rene Posey–Bond, Robert Clayton Bond, Michael G. Queen, Janice G. Queen, Kenneth P. Rainwater, Darlene S. Rainwater, Vicki Diana Jarrell Ramey, Richard Dale Ramey, Janet Ranney, Donald H. Ranney, Deborah Dee Reimund, Terry Allen Reimund, Sheri Lynn Revers, James Revers, Sharon Rewis, John Rewis, Jr., Shelia A.H. Rinehart, Ellis W. Rinehart, Danny Lee Ringo, Debra Ringo, Joan K. Roberts, Tommy L. Roberts, Patricia Ann Roberts, Dexter Robinson, David L. Ross, Carol Ross, John Ryan, Lawrence W. Salminen, Teddy Salmon, Anita Joy Salmon, Keith Watson Sandeford, Donna Baird Sandeford, Michael J. Schlaikjer, Christina Lynn Schlaikjer, Carlton William Schmidt, Peggy R.U. Schrier, Marylyn Ann Schultz, Roy Schultz, Leo G. Scott, Sheila G. Scott, Louis Servin, Donna Servin, Steven R. Shafer, Janice Shafer, Jane L. Shoe, Mary Ann Shores, James B. Shores, Tommie C. Shoulders, Lorraine Shoulders, Elton Son Shults, Thomas Dudley Sides, Rosa F. Silva, Heriberto Silva, Martin Simmons, Diane Dille–Simmons, William B. Skelton, Sr., Agnes Lucille Skelton, Darrell Slape, Miriam P. Slavich, Ivan L. Slavich, Alfred Andrew Smith, Martha Jane Smith, George Smith, Elizabeth F. Smith, James Roger Smith, Vermell McBride Smith, Terry Eugene Smith, Penny Talley Smith, Kevin G. Spencer, Nikki Spencer, Charles F. Stacks, Sarah Jan Stacks, Jerry Stephenson, Brenda J. Stinson, Max E. Stinson, Paul H. Stockton, Nancy E. Stockton, Margie A.B. Stone, Vernon Odell Stone, Richard W. Stull, Donna Wojtasinski Stull, William P. Sturgeon, Audrey M. Tallant, Roger Dennis Watkins, John Tarka, Lorriane A. Tarka, Michael Franklin Taylor, Denise King Taylor, Nicholas Tentzeras, Dwight H. Terrell, Billy P. Thaggard, Linda Thaggard,

Frances E. Thibodeau, Larry Thomas, Annette Marie Thomas, James F. Thomason, Mark A. Thornton, Donna L. Bonin Thornton, Terina Smith Threadgill, Larry E. Threadgill, Jr., James E. Timberlin, Sr., Frank E. Tomlinson, Donna Elizabeth Tomlinson, Diane Elaine Tresfon, Dewey Ronald Tubb, Charlotte P. Tubb, Richard C. Tucker, Deborah S.B. Turner, Harry D. Turner, Virginia F. Turner, Wendell Turner, Sr., Brian P. Vannatta, Charles P. Votruba, Denise C. Votruba, Kenneth Wade, Dianna Wade, James C. Walston, Sr., Ethel Marie Walston, James A. Ward, Kathleen Ward, Sharon R. Ward, Bruce L. Ward, John Layton Webb, Clark Welcher, Sharyl Welcher, Marie D. White, James S. White, Donald Edward Wilder, Betty Jane Murray Wilder, Cecil Williams, Jane Watson Williams, M. Teresa Willis, Larry N. Wilson, Octavia Wilson, Stephen W. Wilson, Lisa Wilson, William C. Winders, Virginia Winders, Rondell Vernon Wood, Dolores Laverne Wood, Tracy L. Workman, Janine Lee Workman, Kristine E. Young, Charles Drake, Priscilla Fontenot, Lester Joseph Fontenot, Thomas C. McGowan and Lori L. McGowan, Appellants in No. 00–4109.

Nos. 00–3899 through 00–3922, 00–3925 through 00–3977, 00–3982 through 00–3984, 00–3986 through 00–4019, 00–4021 through 00–4057, 00–4060 through 00–4095, 00–4098 through 00–4109.

United States Court of Appeals, Third Circuit.

Argued June 28, 2001.

Filed Aug. 31, 2001.

As Amended Oct. 10, 2001.

John J. Cummings, III, Frank C. Dudenhefer (Argued), Cummings, Cummings & Dudenhefer, A.P.L.C., New Orleans, LA, Karen Cody–Hopkins, Ronald S. Goldser, Zimmerman, Reed, P.L.L.P., Minne-

apolis, MN, David A. Vesel, Law Offices of David A. Vessel, P.A., Raleigh, NC, Counsel For Appellants.

Stuart E. Schiffer, Acting Assistant Attorney General, Michael Levy, United States Attorney, Eastern District of Pennsylvania, Mark B. Stern, Charles W. Scarborough (Argued), Attorneys, Appellate Staff, Washington, DC, Margaret Jane Porter, Chief Counsel, Patricia J. Kaeding, Associate Chief Counsel, Food and Drug Administration, Rockville, MD, Counsel For Appellee.

Before BECKER, Chief Judge, NYGAARD and REAVLEY,* Circuit Judges.

## OPINION OF THE COURT

REAVLEY, Circuit Judge.

This Federal Torts Claims Act (FTCA) claim against the Food and Drug Administration (FDA) for granting clearance to market certain types of pedicle screw fixation devices (referred to generally as bone screws) was dismissed by the District Court pursuant to the discretionary function exception to the FTCA.[1] Appellants contend here that this jurisdictional exception should not apply because FDA officials were guilty of misconduct in the process of granting the clearance, and because Appellants should have been given more opportunity to discover proof of that misconduct. Moreover, Appellants argue that, even if the discretionary function ex-

ception does apply to the aspect of the bone screw clearance process challenged in their suit—i.e., the clearance of bone screws based on their substantial equivalence to devices already on the market— the exception does not bar Appellants' claims because the FDA's substantial equivalence determination does not involve the requisite element of judgment and choice, and is not the type of policy-based decision that the exception is designed to protect. Because the record establishes the Court's lack of jurisdiction, we will affirm.

## BACKGROUND

Thousands of plaintiffs nationwide claim to have suffered injuries resulting from the surgical implantation of bone screws in their spines and have sued their doctors and the manufacturers of the screws; and, as is relevant here, some two hundred have also sued the federal government. These actions have been consolidated by the Judicial Panel on Multidistrict Litigation and transferred to the Eastern District of Pennsylvania as MDL No. 1014.[2]

### 1. *Regulatory Process*

It is undisputed that marketing of the bone screws is regulated by the Federal Food, Drug, and Cosmetic Act,[3] as amended by the Medical Device Amendments of 1976(MDA).[4] At the time the lawsuits were filed, the FDA had classified the bone screws as Class III devices, a cate-

---

* Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. 28 U.S.C. § 2680(a).

2. The circumstances of this litigation have received more comprehensive attention elsewhere than is required in this appeal. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341, 121 S.Ct. 1012, 1015–16, 148 L.Ed.2d 854 (2001); *In re Orthopedic Bone*

*Screw Prods. Liab. Litig.,* 193 F.3d 781, 784–87 (3d Cir.1999).

3. Federal Food, Drug, and Cosmetic Act of 1938, ch. 675, 52 Stat. 1040 (1938) (codified as amended at 21 U.S.C. §§ 301–397).

4. Medical Device Amendments of 1976, Pub.L. No. 94–295, 90 Stat. 539 (codified as amended in scattered sections of 21 U.S.C.).

gorization reserved for devices presenting "a potential unreasonable risk of illness or injury." [5] Before Class III devices can be marketed, they must receive "premarket approval" from the FDA [6] or, alternatively, they must qualify for FDA clearance based on a substantial equivalence determination.[7] It is a criminal offense to introduce a Class III medical device into commerce without approval or clearance.[8]

Because premarket approval is a lengthy, formal, and thus costly process often involving clinical trials under FDA supervision,[9] most new Class III devices enter the market through FDA clearance.[10] New Class III devices qualify for clearance when the FDA determines they are "substantially equivalent" to a legally marketed "predicate device" (usually a device that was marketed before the Medical Device Amendments went into effect on May 28, 1976).[11] The process by which this clearance is granted is known as the "§ 510(k) process," in reference to the relevant MDA section. The process requires submission of the following:

1. "[p]roposed labels, labeling, and advertisements sufficient to describe the device, its intended use, and the directions for its use,"

2. "[a] statement indicating the device is similar to and/or different from other products of comparable type in commercial distribution, accompanied by data to support the statement,"

3. "[a] statement that the submitter believes, to the best of his or her knowledge, that all data and information submitted in the premarket notification are truthful and accurate and that no material fact has been omitted," and

4. "[a]ny additional information regarding the device requested by the [FDA] Commissioner that is necessary for the Commissioner to make a finding as to whether or not the device is substantially equivalent to a device in commercial distribution." [12]

The FDA grants clearance through the § 510(k) process when the new device has the same intended use as the predicate device and the FDA determines that it possesses the same technological characteristics or is as safe and effective as the predicate device.[13]

---

**5.** 21 U.S.C. § 360c(a)(1)(C)(ii)(II).

**6.** *Id.* § 360e(a).

**7.** *Id.* § 360e(b)(1); *see also Buckman*, 121 S.Ct. at 1015–16 (describing the FDA approval process applicable to the bone screw and similar devices).

**8.** *See* 21 U.S.C. § 331(a); *In re Orthopedic Bone Screw*, 193 F.3d at 786.

**9.** *See generally* 21 C.F.R. pt. 812.

**10.** *See Medtronic Inc. v. Lohr*, 518 U.S. 470, 479–80, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996) (citing D. Kessler, S. Pape, & D. Sundwall, *The Federal Regulation of Medical Devices*, 317 New England J. Med. 357, 359 (1987)).

**11.** 21 U.S.C. § 360e(b)(1)(B).

**12.** 21 C.F.R. § 807.87; *see also Buckman,* 121 S.Ct. at 1016.

**13.** *See* 21 U.S.C. § 360c(i)(1); 21 C.F.R. § 807.100(b). According to § 360c(i)(1), a device is "substantially equivalent" to a predicate device if it "has the same intended use as the predicate device" and if the FDA has found it:
(i) has the same technological characteristics as the predicate device, or
(ii) (I) has different technological characteristics and the information submitted that the device is substantially equivalent to the predicate device contains information, including appropriate clinical or scientific data if deemed necessary by the Secretary or a person accredited under section 360m of this title, that demonstrates that the device is as safe and effective as a legally marketed device, and (II) does not raise different questions of safety and effectiveness than the predicate device.

## 2. *Appellants' Allegations*

In 1984, Zimmer Inc. applied for § 510(k) clearance for the Edwards Sacral Screw Device. After two rejections and the submission of additional supporting information, Zimmer was ultimately granted clearance. Appellants allege that the reasons for the FDA's reversal of position are unknown, and that the clearance decision was erroneous because the evidence presented to the FDA revealed no predicate device substantially equivalent to the Edwards screw on the market. Following this determination, the FDA granted § 510(k) clearance to other bone screws. Appellants allege these applications were granted due to the erroneous clearance of the Edwards screw. Appellants also claim that the FDA granted clearance to Danek Medical to market the IFS/Luque Device for non-spinal use when it knew or should have known that the screw was intended solely for spinal use. They allege that Danek first described the screw as the "Interpedicular Segmental Fixation System" but changed its name to "Warsaw Orthopedic Bone Plates" and "Warsaw Orthopedic Cancellous Bone Screws" after its initial § 510(k) application was denied. Along with the name change, Danek removed all references to use of the device in the spine, describing its application as only for long or flat bones. The FDA then granted clearance. Appellants make similar complaints regarding the § 510(k) process for some of the other screws. And furthermore, they allege that an FDA official proposed the idea of changing the intended use of the screws in order to obtain clearance and provided advice on circumventing FDA rules.

Appellants claim that the FDA's conduct in granting clearance for each of the screws was negligent, intentionally erroneous,[14] and in violation of its own policy. They further contend that this misconduct resulted in the marketing and subsequent use of the bone screws that ultimately injured them. The government argues that the discretionary function exception to the FTCA precludes Appellants' claims, regardless of their merit.

## DISCUSSION

### a.

Appellants first seek to get around the discretionary function exception by arguing that, because they have alleged that the FDA's conduct in clearing bone screws for the market was intentionally erroneous, and possibly even criminal, the exception is not applicable at all. In the Appellants' submission, the discretionary function exception was never intended to shield a government agency from liability for such dishonest and criminal conduct, and thus Appellants should be permitted to pursue their claims of intentional and criminal misconduct against the FDA without having to overcome the discretionary function bar. We are constrained to disagree.

Even prior to reaching the discretionary function exception issue, Appellants bear the burden of demonstrating that their claims fall within the scope of the FTCA's waiver of government immunity.[15] Under the FTCA, the federal government only waives its immunity for injuries "caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where

---

14. Plaintiffs–Appellants accuse FDA officials of dishonest and even criminal conduct.

15. *See Cato v. United States,* 70 F.3d 1103, 1107 (9th Cir.1995).

the act or omission occurred."[16] As the quoted language makes clear, the FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court. Thus, "the extent of the United States' liability under the FTCA is generally determined by reference to state law."[17]

To state a viable FTCA claim based on their allegations of intentional and possibly criminal misconduct on the part of the FDA in the § 510(k) clearance process, Appellants need to demonstrate that such conduct amounted to a "negligent or wrongful act or omission" for which a private individual would be held liable under applicable state tort law. Appellants, however, face several hurdles to making this showing. First, we have examined the face of Appellants' complaints, and note that the complaints do not appear to allege that the FDA's behavior amounted to intentional or possibly criminal misconduct. Rather, in their complaints, Appellants contend that the FDA acted negligently and in violation of its own policies and procedures.[18]

Even if we were inclined to read Appellants' complaints liberally as stating claims based on the FDA's intentional and potentially criminal misconduct, we do not believe that these claims fall within the scope of the FTCA's sovereign immunity waiver. Appellants have cast their allegations regarding the FDA's intentional misconduct and potentially criminal behavior only in generalized terms, and our treatment of these claims is, of necessity, similarly generalized. We do not believe that intentionally improper or even criminal behavior, in the abstract, constitutes the type of "negligent or wrongful act or omission" for which the FTCA grants a waiver of sovereign immunity.[19] Appellants have not pointed us to (and we could find no) precedent standing for this general proposition, and, mindful of the fact that a government's waiver of its sovereign immunity must be construed narrowly,[20] we believe it is improper for us to

16. 28 U.S.C. § 1346(b)(1).

17. *Reo v. U.S. Postal Serv.*, 98 F.3d 73, 75 (3d Cir.1996) (quoting *Molzof v. United States*, 502 U.S. 301, 305, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992)) (internal quotation marks omitted).

18. In fact, even in their appellate briefing, Appellants continued to emphasize that the FDA's clearance decisions were wrongful because they were made negligently and in violation of the FDA's policies and procedures, and not because the FDA's behavior represented intentional misconduct or potentially criminal behavior. *See* Appellants' Opening Brief at 10 ("Plaintiffs allege that the FDA was negligent, careless, failed to exercise reasonable care and violated its own policy, practice and procedure with respect to substantial equivalence determinations in granting the requests by various manufacturers [for] 510(k) clearance."). Accordingly, the government's brief did not deal with this issue. Appellants did argue that the stay of discovery imposed by the District Court should be lifted because Appellants believed that they would obtain evidence of the FDA's intentional and possibly criminal misconduct, but it was not until oral argument on appeal that Appellants contended that their allegations regarding the FDA's intentional or criminal misbehavior should prevent any application of the discretionary function exception to Appellants' claims.

19. We express no opinion on the question whether a specific set of factual allegations supporting the contention that a government agency acted in an intentionally wrongful or criminal manner could also support a contention that the government's behavior was "negligent or wrongful" within the meaning of the FTCA.

20. *See Clinton County Comm'rs v. EPA*, 116 F.3d 1018, 1021 (3d Cir.1997) ("A waiver of immunity must be unequivocally expressed and is construed strictly in favor of the sover-

conclude that Appellants' claims based on the FDA's allegedly intentionally dishonest and possibly criminal behavior fall within the scope of the FTCA's immunity waiver. Furthermore, to the extent that Appellants' claims have the state law analog necessary under the FTCA, we believe that the pertinent state cause of action is one for some type of intentional tort of fraud or deceit. Such intentional conduct, however, is explicitly exempted from the FTCA's waiver of sovereign immunity.[21]

### b.

■ Appellants' claims do allege that the FDA acted negligently, and in violation of its own policies and procedures. This set of claims would fall within the FTCA's general waiver of sovereign immunity, and we must therefore determine whether the District Court's application of the discretionary function exception to these claims was correct.

■ In *Berkovitz v. United States*,[22] the Supreme Court held that the discretionary function exception applies when (1) the act involves "an element of judgment or choice" and (2) that discretion "is of the kind that the discretionary function exception was designed to shield."[23] This inquiry does not focus on anyone's subjective intent in the exercise of that discretion, however. Instead, the inquiry focuses on "the nature of the actions taken and on whether they are susceptible to policy analysis."[24]

Appellants assert that both prongs of the *Berkovitz* inquiry support their position. They argue that the discretionary function exception does not apply to the § 510(k) clearances because (1) the FDA improperly granted the clearances, violating statutory and regulatory duties that do not allow for the exercise of any discretionary judgment or choice, and (2) the § 510(k) process involves merely scientific tasks rather than the exercise of policy-based discretion such as the exception was designed to protect. We disagree.

■ Under *Berkovitz*'s first prong, "[t]he requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to that directive.'"[25] FDA determinations concerning substantial equivalency are governed by 21 U.S.C. § 360c(i)(1) and 21 C.F.R. § 807.100(b), which explicitly grant the FDA discretion to require additional information "if deemed necessary" and to set standards for evaluation of safety and efficacy. Specifically, § 807.100(b) requires only (1) that the new device and the predicate device have the same intended use, (2) that the devices have the same technological characteristics or that data demonstrates the new device is as safe and effective as the predicate, and (3) that neither the Commissioner nor the courts have taken specific action against the new device.

eign.") (internal quotation marks and citations omitted).

21. *See* 28 U.S.C. § 2680(h) (stating that the FTCA does not apply *inter alia* to "[a]ny claim arising out of ... misrepresentation, deceit").

22. 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988).

23. *Id.* at 536, 108 S.Ct. 1954; *see also Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).

24. *United States v. Gaubert*, 499 U.S. 315, 325, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).

25. *Id.* at 322, 111 S.Ct. 1267 (1991) (quoting *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954).

Appellants contend that the FDA granted clearance for the screws even though it knew or should have known that screws had an altogether new intended use (namely, fixation to the vertebral pedicles of the spine), even though the screws had different technological characteristics, and even though the screws were not as safe or effective as the predicate devices. Appellants further allege that, by so doing, the FDA failed to perform the mandatory duties required by law for granting § 510(k) clearance, and thus did not exercise the judgment or choice necessary under Berkovitz's first prong to trigger the discretionary function exception.

The government argues that the statutory and regulatory provisions grant it discretion to decide what information is relevant in the § 510(k) process. Moreover, it points out that no mandatory authority dictates how it should go about determining whether devices have the same intended use, same technological characteristics, or similar performance in safety and efficacy. Accordingly, the government contends that the § 510(k) process requires the FDA to make discretionary choices utilizing its expertise. We agree.

When § 510(k) applications are brought before the FDA, regulators must decide what data and other information is relevant, what is reliable, and how much is sufficient. Certainly in weighing evidence and comparing medical devices in this manner, the FDA utilizes judgment and choice. Appellants' suggestion that the FDA violated statutory and regulatory provisions is, in reality, a claim that the FDA's judgment is wrong. Because substantial equivalence determinations as well

as the manner in which those decisions get made are functions committed to the discretion of the FDA, we will not second guess their outcomes. The first step of the Berkovitz test is met.

■ Next, Appellants argue under the second Berkovitz prong that the § 510(k) process involves merely scientific tasks rather than the exercise of policy-based discretion. They rely on language in Griffin v. United States[26] for the proposition that scientific decisions do not fall within this exception. But their reliance is misplaced. Griffin concludes that some scientific determinations or measurements may not implicate policymaking discretion, not that science-based decisions never involve policymaking.[27] Because the § 510(k) process implicates such considerations as safety, efficacy, and cost, Griffin is not applicable. Furthermore, we have previously questioned the continuing authority of Griffin in light of subsequent Supreme Court decisions.[28]

The FDA's regulatory judgment in the § 510(k) process is susceptible to policy analysis and therefore falls within the kind of discretion the exception is designed to protect. The § 510(k) process requires judgment regarding what evidence is relevant, how well that evidence demonstrates safety and efficacy, and what weight should be given conflicting evidence and opinions. Implicit in this judgment is the balancing of values such as safety and cost. Decisions made in this context reflect policy choices and cannot be categorized as ministerial. Thus the second step of the test is also met. The FDA's actions were

**26.** 500 F.2d 1059, 1066 (3d Cir.1974).

**27.** *See id.* ("At issue [is] a scientific, but not policy-making, determination as to whether each of the criteria listed in the regulation

was met and the extent to which each such factor accurately indicated neurovirulence.").

**28.** *See, e.g., Smith v. Johns–Manville Corp.,* 795 F.2d 301, 309 (3rd Cir.1986).

protected by the discretionary function exception.

3. *Stay of Discovery*

 The District Court stayed discovery in this case while it considered the government's motion to dismiss. Our standard of review of questions concerning the scope or opportunity for discovery is for abuse of discretion.[29] Appellants argue that the stay was improper and prevented them from uncovering evidence of wrongdoing by the FDA. But because Appellants' proposed discovery was aimed at supporting claims that, for the reasons stated in part 1.a, fall outside the FTCA, and because the District Court had no jurisdiction over these claims, it was appropriate to stay discovery. The District Court acted within its discretion.[30]

The judgment of the District Court will be AFFIRMED.

**29.** *See Brumfield v. Sanders,* 232 F.3d 376, 380 (3rd Cir.2000).

